**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Sydney Harris 6153 Deeside Drive Dublin, Ohio 43017 | |
| Plaintiff, | **JURY DEMAND ENDORSED HEREON** |
| vs. | |
| Joshua Prell 3 Clearfield Road West Simsbury, Ct 06092 | Case No. _____ Judge _____ |
| Defendant. | |

## COMPLAINT

Now comes Plaintiff and state as for her Complaint against Defendant as follows:

**I. Parties**

1. Plaintiff Sydney Harris is and at all times relevant herein has been a citizen of Ohio.

2. Defendant Joshua Prell is and at all times relevant herein has been, upon information and belief, a citizen of Connecticut.

**II. Venue and Jurisdiction**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because:

   (a) the amount in controversy exceeds the sum of $75,000; and

   (b) the parties are citizens of different states.

4. This Court has venue over this matter pursuant to 28 U.S.C. § 1391(b)(2) because the events that give rise to this action occurred in Oxford, Butler County, Ohio.

**III. Factual Background**

5. In the early hours of the morning of December 9, 2020, Plaintiff was asleep in her apartment in Oxford, Ohio above CJ's Tavern when a forcible banging on the front door startled

Plaintiff awake.

6. After a minute or two the banging stopped, only to be replaced by an even more frightful noise; in fact, to Plaintiff's terror, she next heard her living room window shatter, followed by the sound of someone kicking in the remaining glass and entering her abode.

7. Plaintiff jumped out of bed to lock her door and barricade herself in her bedroom, thereby finding herself in circumstances that constitute every woman's worst nightmare: she was alone with only a door between her and a stranger intent on destroying everything he could find and worse, possibly intending to physically assault her.

8. Fearing for her life, Plaintiff called 9-1-1, desperately hoping that help would soon arrive to stop the intrusion.

9. She stayed on the phone with the 9-1-1 dispatcher until the Oxford police arrived at her residence and apprehended Defendant, the intruder.

10. As Plaintiff was to later learn, Defendant, whom Plaintiff had never met prior to Defendant's criminal and forced entry into her apartment, had grown sufficiently bored of his long night of drinking and had determined that he needed to find entertainment elsewhere.

11. He subsequently found the entertainment that he had so craved when he broke into Plaintiff's apartment and finding her bedroom door barred against his entry, he determined instead to destroy all the property within Plaintiff's residence that he could get his hands on.

12. By the time that the police had responded to Plaintiff's phone call, Defendant had effectively devastated Plaintiff's entire apartment and her personal property located therein, aside from the room in which she had taken refuge while praying that the lock on her door would suffice to prevent her from being physically assaulted by Defendant.

13. In fact, when the police did arrive, they deemed the situation serious enough to

enter Plaintiff's apartment with guns drawn.

14. Police arrested Defendant at Plaintiff's apartment and took him into custody at or around 1:20 AM on December 9, 2020.

15. As a result of the criminal actions of Defendant, Plaintiff sustained not only property damage, but, more seriously, severe emotional trauma that will not doubt haunt her for the rest of her life.

### COUNT ONE
**(Claim for Damages for Criminal Act Pursuant to R.C. § 2307.60)**

16. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

17. Plaintiff has been injured in person and property by Defendant's criminal acts, including aggravated burglary, aggravated menacing, criminal damaging, and criminal trespass.

18. Defendant willfully damaged Plaintiff's property.

19. As a result of Defendant's conduct, Plaintiff has incurred damages in an amount to be proven at trial.

### COUNT TWO
**(Claim for Damages for Criminal Act Pursuant to R.C. § 2307.70)**

20. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

21. Defendant knowingly caused serious physical harm to a structure and its contents while that structure was occupied by Plaintiff.

22. The physical harm inflicted to the structure and its contents resulted in loss to the value of the property of more than $1,000, thereby constituting "serious physical harm" under R.C. § 2909.05(F)(2).

23. Because Defendant knowingly caused serious physical harm to an occupied structure and its contents, Defendant has violated R.C. § 2909.05.

24. Plaintiff has been injured in person and property as a result of Defendant's criminal act committed in violation of R.C. § 2909.05.

25. Pursuant to R.C. § 2307.70(A), Plaintiff is entitled to her full compensatory damages, including, but not limited to, damages for emotional distress, in an amount to be proven at trial.

26. Pursuant to R.C. § 2307.70(A), Plaintiff is entitled to punitive or exemplary damages.

27. Pursuant to R.C. § 2307.70(A), Plaintiff is entitled to court costs, other reasonable expenses incurred in maintaining this action, and her attorney's fees.

## COUNT THREE
### (Intentional Infliction of Emotional Distress)

28. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

29. Defendant either intended to cause emotional distress or knew or should have known that breaking into Plaintiff's apartment at the dead of night while she was sleeping, and his subsequent destruction of all her property that he could get access to, would result in serious emotional distress to Plaintiff.

30. Defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

31. Defendant's actions are the proximate cause of Plaintiff's psychic injury, for which she has sought and continues to seek professional treatment.

32. The mental anguish suffered by Plaintiff is serious and of a nature that no reasonable person could be expected to endure it unscathed.

33. As a result of Defendant's conduct, Plaintiff has incurred damages in an amount to

be proven at trial.

## COUNT FOUR
**(Trespass)**

34. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

35. Defendant was not authorized to enter Plaintiff's apartment.

36. Defendant intentionally entered Plaintiff's apartment through her living room window.

37. The apartment was in the lawful possession of Plaintiff when Defendant unlawfully entered.

38. As a direct and proximate result of Defendant's trespass, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT FIVE
**(Assault)**

39. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

40. Plaintiff reasonably perceived that Defendant intended to willfully threaten and/or attempted to harm or touch Plaintiff offensively when he criminally broke into her apartment.

41. Defendant's threat and/or attempt reasonably placed Plaintiff in fear of such contact, so much so that she barricaded herself in her bedroom and called 9-1-1.

42. Plaintiff has been damaged as a direct result of Defendant's assault in an amount to be proven at trial.

## COUNT SIX
**(False Imprisonment)**

43. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

44. Defendant, without lawful privilege and against Plaintiff's consent, intentionally detained Plaintiff.

45. Indeed, Defendant restrained of Plaintiff's personal liberty against her will, confining her to her bedroom.

46. Such detention by Defendant was unlawful.

47. Plaintiff has been damaged as a direct result of Defendant's false imprisonment in an amount to be proven at trial.

### COUNT SEVEN
### (Conversion)

48. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

49. Defendant wrongfully exercised dominion of Plaintiff's property to her exclusion.

50. Plaintiff has been damaged as a direct result of Defendant's conversion of her personal property in an amount to be proven at trial.

### COUNT EIGHT
### (Trespass to Chattels)

51. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

52. Defendant intentionally dispossessed Plaintiff of her personal property by intentionally destroying it.

53. Defendant dispossessed Plaintiff of her personal property without her consent.

54. Plaintiff has been damaged as a direct result of Defendant's trespass of chattels in an amount to be proven at trial.

### COUNT NINE
### (Invasion of Privacy/Wrongful Intrusion)

55. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

56. When Defendant criminally entered Plaintiff's apartment, he intentionally intruded upon the Plaintiff's seclusion or solitude, and into her private affairs.

57. Plaintiff had a reasonable expectation of privacy in the area intruded upon, *i.e.*, her

locked apartment.

58. Defendant's intrusion was wrongful.

59. Defendant's physical intrusion through the window of Plaintiff's apartment would be highly offensive to a reasonable person.

60. Plaintiff has been damaged as a direct result of Defendant's wrongful intrusion in an amount to be proven at trial.

## COUNT TEN
### (Negligence)

61. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

62. Defendant had a duty to refrain from causing personal and emotional injury to the Plaintiff.

63. Defendant breached those duties when he broke into Plaintiff's apartment, causing her severe and debilitating emotional distress and property damage.

64. The damages proximately caused to Plaintiff by Defendant's breach of his duties to Plaintiff were foreseeable and negligent.

65. Plaintiff has been damaged as a direct result of Defendant's negligence in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests judgement against Defendant in the following particulars:

    (a) On Count One, for judgment in Plaintiff's favor against Defendant for liquidated damages of three times the value of the property at the time it was willfully damaged pursuant to R.C. 2307.61(A)(1)(b)(ii).

    (b) On Count Two, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(c) On Count Three, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(d) On Count Four, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(e) On Count Five, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(f) On Count Six, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(g) On Count Seven, for judgment in Plaintiff's favor against Defendant forcompensatory damages;

(h) On Count Eight, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(i) On Count Nine, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(j) On Count Ten, for judgment in Plaintiff's favor against Defendant for compensatory damages;

(k) On all counts, attorney fees and punitive damages, if legally recoverable

(l) Costs; and

(m) All other relief, at law or equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Jeffrey M. Lewis
JEFFREY M. LEWIS CO., L.P.A.
Jeffrey M. Lewis (0021780)
1650 Lake Shore Drive, Suite 150
Columbus, OH 43204
Telephone: 614-384-2075

Fax: 614-384-2076
Lawyerlewis@gmail.com

/s/ Haley K. Lewis
JEFFREY M. LEWIS CO., L.P.A.
Haley K. Lewis (0095514), of Counsel
1650 Lake Shore Drive, Suite 150
Columbus, OH 43204
Telephone: 614-384-2075
Fax: 614-384-2076
haley@lawyerlewis.com
*Attorneys for Plaintiff*

JURY DEMAND

Plaintiff hereby demands a trial by a jury of her peers.

/s/ Jeffrey M. Lewis
Jeffrey M. Lewis (0021780)



9